## UNITED STATES v. ANDERSON.

(District Court, D. Montana. January 8, 1917.)

No. 82.

1. PUBLIC LANDS ⊛═120—PATENTS—CANCELLATION—EVIDENCE.

A patent to public lands, being by a solemn grant over the seal of the United States, and presumptive that the patentee has performed all conditions precedent to its issuance, cannot be annulled for fraud, unless the evidence is unequivocal, clear, and convincing.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332–335; Dec. Dig. ⊛═120.]

2. PUBLIC LANDS ⊛═35(3)—HOMESTEAD LAWS—ABSENCE—"ACTUAL RESIDENCE."

Defendant, who entered land under the Homestead Law (Act May 20, 1862, c. 75, 12 Stat. 392), requiring actual residence, erected a house and established a residence upon the land. He substantially improved and cultivated the land, mainly by paid labor and croppers on shares, but, being a single man, worked for neighbors in the vicinity, though occasionally returning to his homestead entry. For some weeks he lived in the timber not far distant securing fence material, and during the period of residence was several times absent from the state on business. *Held*, that as "actual residence," within the law, means no more than residence, true, substantial, and real, such absences did not prevent defendant from acquiring title; the law not insisting that he should remain upon the homestead entry when idle.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. § 74; Dec. Dig. ⊛═35(3).

For other definitions, see Words and Phrases, First and Second Series, Actual Residence.]

3. PUBLIC LANDS ⊛═120—PATENT—HOMESTEAD ENTRIES—FALSE STATEMENTS.

In such case, as defendant was entitled to the land despite his temporary absences, the statement in his final proof that he had not been absent from the land, made in response to a question to that effect, did not warrant cancellation of the patent, particularly as defendant testified that the officer taking the proof explained to him that absence meant for a period interrupting continuous residence, and the answers of the other witnesses to the proof showed defendant's temporary absence, so that the land department was not misled.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332–335; Dec. Dig. ⊛═120.]

In Equity. Suit by the United States against Carl Anderson. Decree for defendant.

Burton K. Wheeler, U. S. Atty., of Butte, Mont.

L. A. Conser, of Baker, Mont., and W. W. Palmer, of Conway, Iowa, for defendant.

BOURQUIN, District Judge. In this suit to annul a homestead patent, the charge is that defendant procured the patent by fraud, in that for the required period he did not establish and continuously maintain residence upon the land. The answer denies.

[1] The settled law is that, in a court of equity, like any other contract, a patent, a solemn grant over the seal of and by the United States

⊛═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and presumptive that the patentee performed all conditions precedent to its issuance, cannot be annulled for fraud, unless the evidence is unequivocal, clear, and convincing, in quality and quantity that inspires confidence and produces conviction of the truth of the charge. Upon consideration of plaintiff's evidence, the witnesses, the past differences of the principal ones with defendant, their opportunities or lack of them for knowledge, their testimony both favorable and unfavorable to defendant, the latter largely negative, no more than suspicion and doubt is created, far short of the necessary proof of the charge. That suffices to dismiss the suit. It may be added, however, that, considered in connection with defendant's evidence, serious suspicion and doubt are dispelled. There is practically no irreconcilable conflict between the evidence of the parties.

[2] Briefly, it appears defendant built and furnished a house upon the land and established residence therein. For more than three years thereafter and prior to final proof, he substantially improved and cultivated the land, the latter mainly by paid labor and croppers on shares, having some 125 acres under cultivation at the latter time. Being a single man and without stock or work animals, he worked for neighbors a mile or more away, exchanging work for use of teams, at such times staying mostly at the neighbors, though also on occasions returning to this land. For some weeks he lived in the timber not far distant, securing fence material for the land. He went to Dakota and harvested a crop he planted before establishing residence on his homestead, then returning to this land, thereafter and prior to final proof he made some four visits to Minnesota, of two weeks' to two months' duration, due to his father's death and necessities accruing therefrom. At all times all his personal property in Montana was upon this homestead, and it was his only home. At no time was he absent from the land six months. That on occasion or many occasions passers or croppers on some part of the homestead did not see defendant, did not see evidence of residence, ashes, cans, etc., at the house, under all the circumstances is consistent with defendant's residence there. After final entry, made three years prior to suit, he continued to reside upon, improve, and cultivate the land, as before—competent evidence of his intent before. Of the three years' period of residence required to earn the land, he was undoubtedly absent a considerable, perhaps the greater, part.

But this did not disturb his continuous actual residence upon the homestead. "Actual residence," within the Homestead Law, means no more than residence—true, substantial and real; not fictitious, nominal, or pretended. It does not require continuous presence on the land, but only that it be habitation fixed and maintained with intent to continue it so long as the homestead law requires, in this case, three years. It is consistent with much absence and less presence on the land, turning largely on circumstances and intent and good faith evidenced by acts and conduct. No good policy would be subserved by insisting an entryman in a case like this should "loaf" upon the homestead, and the law does not insist.

[3] In homestead final proofs is a question: Has the entryman "ever been absent from the homstead"? Defendant at final proof answered, "I have not," and plaintiff's principal argument was that, since he now admits he was absent, he made a false and fraudulent representation in the final proof, and so the patent should be canceled. As the evidence here shows that, despite absences, plaintiff earned the land, had he at final proof admitted absences, he still ought to and would have received the patent; so the false answer was not material, not fraud.

The final proof question is ambiguous. What absence does it import? Surely not mere trips to town, neighbors, etc., though of some few days. Defendant testified herein that, on his necessary inquiry, the officer taking the proof explained to him that "absent" meant for a period interrupting continuous residence; hence his answer. And in that final proof are the answers of two witnesses that plaintiff had been absent, demonstrating, though not material, that by defendant's answer the Land Department was not misled. It is appreciated that, in such cases as this, circumstances render proof of the alleged fraud difficult. But no more so than for an honest patentee to defend the charge. Safety of the latter, stability of titles, and general welfare prohibit relaxation of the rules of proof.

Decree accordingly.

⊙⊐For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes